RECEIVED
USDC CLERK, COLUMBIA, SC

2024 FEB 12 PM 1:21

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

MARK ANTHONY CALDWELL
    PETITIONER,

v.    CASE NO. 722CR934-DCC-2

UNITED STATES OF AMERICA
    RESPONDANT.

MOTION FOR REDUCTION OR MODIFICATION OF SENTENCE
PURSUANT TO 18 U.S.C. 3582(c)(2)

    COMES NOW, Mark Anthony Caldwell, pro se, moves this Honorable Court pursuant to 18 U.S.C. 3582(c)(2) and through the United States Sentencing Guidelines ("USSG") 1B1.10 for reduction of the Petitioner's 72 month sentence under retroactive Amendment 821 Part B which provides a decrease of two levels from the offense level determined under Chapters Two and Three for offenders with zero criminal history points that meet the criteria under USSG 4C1.1(a).

    Recidivism data analyzed by the United States Sentencing Commission shows that offenders with zero criminal history points have considerably lower recidivism rates than other offenders, including offenders with one criminal history point (26.8% compared to 42.3%), the largest variation of any comparison of offenders within the same Criminal History Category. See U.S. SENT'G COMM'N, RECIDIVISM OF FEDERAL OFFENDERS RELEASED IN 2010 (2021), available at https://www.ussc.gov/research/research-reports/recidivism-federal-offenders-released-2010.

    The Petitioner was sentenced on October 23rd, 2023, at which time the Court adopted the PSR submitted from the United States Probation Office of the District of South Carolina. The Petitioner's PSR states that he had zero criminal history points and no pending charges at the time of sentencing. The Petitioner also has no disqualifying issues as he meets all the criteria under USSG 4C1.1(a). In further support of this motion the Petitioner states:

    1. The Petitioner prays that the Court first recalculate his sentence under the Amended guideline range for which he was sentenced and determine the applicable guideline range for the Petitioner, if the Amendment 821 had been in effect at the time the Petitioner had been sentenced. See Dillion v. United States, 560 U.S. 817, 827 (2010).

    2. Next the Petitioner prays that the Court in considering the 18 U.S.C. 3553(a) factors, consider his post-sentencing efforts in determining whether to reduce his term of imprisonment, under Pepper v. United States, 562 U.S. 476, 490 (2011). Please find attached or accompanying this motion for resentencing, the Petitioner's candidate for release/sentencing reduction with all relevant information for resentencing. Including but not limited to the following:

    A) The Petitioner has had no incident reports for the duration of his incarceration,
    B) The Petitioner is a Low custody level and retains a Low Recidivism Risk,
    C) The Petitioner is actively programming, is taking GED courses and is on the waiting list for several ACE, FSA, and EBRP programs, including RDAP, and
    D) The Petitioner has a stable release plan as recorded with the United States Probation Office.

    WHEREFORE, the Petitioner prays that the Court reduce his term of imprisonment and grant any other relief that this Honorable Court deems just. EXECUTED ON THIS 1ST DAY OF FEBRUARY, 2024.

RESPECTFULLY SUBMITTED,

MARK ANTHONY CALDWELL
REG NO. 30919-510

x _____




